UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br>Inmate Booking No. 15780644,<br><br>                                   Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO POLICE DEP'T,<br>et al.,<br>                                   Defendants. | Civil No.   13cv2124 DMS (JMA)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND FOURTH AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

**I.    Procedural History**

On September 10, 2013, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, and later Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 1, 4.) On January 16, 2014, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 7.) On February 18, 2014, Plaintiff filed a First Amended Complaint. (ECF No. 8.) Once again, the Court conducted the required sua sponte screening and DISMISSED Plaintiff's FAC for failing to state a claim. (ECF No. 9.)

Plaintiff was permitted to file a Second Amended Complaint which he filed on May 2, 2014. (ECF No. 10.) The Court found that Plaintiff's SAC contained claims that were duplicative of another action he was pursuing and DISMISSED his SAC as frivolous. (ECF No. 11.)

Plaintiff filed an appeal to the Ninth Circuit Court of Appeals on June 16, 2014. (ECF No. 13.) On July 29, 2015, the Ninth Circuit issued a mandate in which this Court's Order filed on May 14, 2014 was affirmed in part, reversed in part, and remanded for further proceedings. (ECF No. 19.) Specifically, the Ninth Circuit found that Plaintiff's "claims based on events occurring on March 20, 2013 did not involve the same claims or parties" found in *Turner v. San Diego Central Jail*, S.D. Cal. Civil Case No. 3:13-cv-0113-WQH-BGS) ("*Turner I*"). *Turner v. City of San Diego Police Dep't*, *et al.*, No. 14-55964 at 2. (9th Cir. Aug. 21, 2015). The matter was remanded to this Court "for further proceedings as to these March 20, 2013 claims only." *Id.* This Court's dismissal of the City of San Diego and the San Diego Police Department was affirmed. *Id.*

This Court held a hearing to spread the mandate on September 16, 2015. Plaintiff personally appeared at this hearing. Following this hearing, the Court issued an Order granting Plaintiff's oral request to file a Third Amended Complaint. (ECF No. 24.) The Court cautioned Plaintiff that he may not include any facts or allegations relating to the claims he is pursuing in *Turner I*. (*Id.*) Specifically, Plaintiff could only address claims that arose on March 20, 2013 pertaining to his interactions with San Diego police officers during his arrest and up to the time he was booked into the county jail. (*Id.*)

Plaintiff later sought, and received, an extension of time to file his Third Amended Complaint. On January 11, 2016, Plaintiff filed his Third Amended Complaint and named as Defendants the City of San Diego, County of San Diego, City of San Diego Police Officers (3 John Does), "City of San Diego Police Medical staff," and "3 John Does Sheriff Deputies." (ECF No. 31.)

///

Plaintiff's Third Amended Complaint was dismissed by this Court for failing to state a claim. (ECF No. 32.) Plaintiff was given one final opportunity to amend his pleadings in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On April 4, 2016, Plaintiff filed his Fourth Amended Complaint ("FAC"). (ECF No. 33)

In Plaintiff's FAC, the only named Defendants are #1 John Doe, #2 John Doe, #3 John Doe, and #4 Jane Doe. (*Id.*) Therefore, all the remaining Defendants are DISMISSED from this action and Clerk of Court is directed to terminate these Defendants from the docket. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are

1 | not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
2 | mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
3 | (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether
4 | a complaint states a plausible claim for relief [is] . . . a context-specific task that requires
5 | the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere
6 | possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*
7 | *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

8 | "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, the Court finds Plaintiff's Fourth Amended Complaint contains constitutional and/or statutory claims which do not appear to be frivolous or malicious, and which may "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Therefore, Plaintiff's allegations are sufficient to overcome the "low threshold" required to survive the Court's sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115,

Accordingly, the Court will direct the U.S. Marshal to effect service of Plaintiff's Complaint and summons on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** Defendants City of San Diego Police Department, 5 Does, San Diego Police Department, John Doe 1-7, Medical Staff, Officer Tsui #6560, Police Dept. (7 John Does), 3 John Does and directs the Clerk of Court to terminate these Defendants from the docket.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Fourth Amended Complaint (ECF Doc. No. 33) upon Defendants **#1 John Doe, #2 John Doe, #3 John Doe, and #4 Jane Doe** and forward it to Plaintiff along with blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Fourth Amended Complaint (ECF No. 33), and the summons so that he may serve each Defendant named in the Fourth Amended Complaint.[2] Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible for each named Defendant, and

---

1119 (S.D. Cal. 2007).

[2] Plaintiff must, of course, identify the Defendants he lists only as "John" and "Jane" Does by his their true names and substitute those individual persons in place of the Doe by amending his Fourth Amended Complaint to identify that party before the United States Marshal will be ordered to execute service upon him. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against John and Jane Does at this time.

return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Fourth Amended Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

4. **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED**.

DATED: June 10, 2016

HON. DANA M. SABRAW
United States District Judge